State vs. Shields.

## No. 8344.

THE STATE OF LOUISIANA VS. JAKE SHIELDS.

The law provides no delay for arraignment after indictment or information, and the accused is required to plead when arraigned, which is his only time as of right.

The excusing of a juror by the Court, even if the latter committed an error in so doing, cannot be taken advantage of by the accused.

APPEAL from the Seventeenth Judicial District Court, parish of East Baton Rouge. *Sherburne,* J.

*J. C. Egan,* Attorney General, for the Stat e,Appellee:

First—When an accused refuses to plead to an indictment, the order of the court to enter a plea of " not guilty " is right and proper.

Second—The objection of accused that he has not had sufficient time to prepare his pleas is worthless when he has already been tried for the same offense, and is about to undergo a new trial.

Third—This Court is without authority to disturb the sentence of the court *a qua* because o the penalty when the penalty therein imposed in conformity with the statute.

Fourth—Dying declarations are admissible in evidence.

Fifth—This Court will not remand a case because of the refusal of the judge *a quo* to charge the jury as requested by the accused, when the record fails to disclose the possible basis of said request, or that some injury resulted to the accused by said refusal.

Sixth—It is in the discretion of the judge *a quo* to excuse from jury duty any juror who presents an excuse. Bishop on Crim. Pro., vol. 1, Sec. 926, and authorities there cited. 18 Iowa, 435.

*Cross & Jones* for Defendant and Appellant :

Accused should have a reasonable time to plead. Archbold Criminal Pleading, pp. 63, 73, 74.

An exempt fireman in Baton Rouge is not excused from jury duty.

A dying declaration is admissible only under the same conditions as if the deceased were on the stand ; " anything the murdered man in *articulo mortis* may say to facts is receivable, but not what he says as matter of opinion." Wharton's Criminal Law, Old Ed., p. 182.

Accused is entitled to the charge that the name of deceased should be proved as alleged. Greenleaf, 3d. vol., 2d parapraph; and the judge erred in withholding such charge on assuming as a fact, that the name was actually proved as laid.

The opinion of the Court was delivered by

FENNER, J. The errors urged in this Court are the following :

1. Exception is taken to the ruling of the court in requiring him to plead at the time of his arraignment and, on his refusal, in ordering the plea of not guilty to be entered in his behalf—the complaint being that he was arraigned on the same day on which the information was filed, and had not had time to determine on his plea. The law provides no delay for arraignment after indictment or information, and the defendant is required to plead when arraigned, which is his only time as of right. 1 Bishop Crim. Proc., § 734.

Indulgence is often granted in the discretion and leniency of the court, but there is no láw controlling such discretion. In the present case, the judge states in his reasons for refusing time, that the prisoner had been previously tried and convicted for the same offense, and had remained in custody under an order of this Court remanding the case, and should have been ready to plead to the new proceeding. No suggestion is made of any special injury suffered by the prisoner from the ruling, and we see no ground for our interference.

2. Exception is taken to the action of the court in excusing a juryman, for a cause which the defendant contends was not sufficient under the law. Admitting the cause was not sufficient, the judge exercised his discretion in determining the question, and his error in such matter would afford no ground for relief. 1 Bishop Crim. Proc., § 926; State vs. Ostrander, 18 Iowa, 435.

3. The exception to the admissibility of the dying declaration of the deceased, on the ground that it consisted of the simple statement "Jake Shields shot me," without giving the facts on which the statement was based, is frivolous.

4. In regard to the exception to the refusal of the judge to charge that "the indictment giving the name of the deceased as Peter Flores, if the State only proved the death of one Flores, the variance is fatal." We think that the charge was substantially covered by the court's instruction that the "jury had to be satisfied of the identity of the deceased." The judge states that he saw no reason for giving the charge as requested, because the District Attorney in examining the witnesses began by stating : "This is the case of the State of Louisiana against Jake Shields, charged with the murder of Peter Flores—tell the jury all you know about it." The record failing to show any ground on which the request for the particular charge was based, no objection to any particular evidence appearing, and no suggestion of any special injury to the accused being made, and there being no variance between the verdict and the indictment, we see no reason for disturbing the verdict on this ground.

Judgment affirmed.