State vs. McCarthy

No. 10,818.

THE STATE OF LOUISIANA VS. LUMA McCARTHY.

Continuances in criminal cases are left, in great part, to the discretion of the District Judge.

State vs. McCarthy.

2. On a trial for murder, it is not competent for the State to introduce evidence in chief as to the character of the person on whom the offence was committed.

In the following cases, evidence of character having been admitted in chief, the verdict was annulled on appeal: Dock vs. Commonwealth, 21 Grat. Va., p. 909; Pound vs. Georgia, 43 Ga. 89; Ben vs. State, 37 Ala. 103; State vs. Potter, 13 Kan., 424; Commonwealth vs. Anderson, 39 Cal. 703.

These opinions are approvingly referred to by Bishop, Crim. P., Sec. 612; Wharton's Crim. Ev., p. 83; Ib. on Homicide, Sec. 625, and Best on Principles of Ev., Sec. 257.

Greenleaf, Vol. 3, Sec. 27, also sustains the inadmissibility of that evidence.

The evidence being illegal, it can not be presumed that it had no influence on the determination of the jury. Wharton, Vol. 3, Sec. 3257.

A PPEAL from the Thirteenth District Court, Parish of St. Landry. Lewis, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*E. P. Veazie* and *H. C. Castellanos* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant was indicted for murder; he was tried and convicted without capital punishment.

From a judgment sentencing him to hard labor for life, he prosecutes this appeal.

1. When the case was called for trial two of defendant's witnesses were absent.

The sheriff's return shows that one of these witnesses was sick in bed; the other in an advanced state of pregnancy.

The court refused to issue writs of attachment to compel them to be present.

In ruling, the trial judge states that the first mentioned witness was in a dying condition, a fact established in open court by the statement of a near neighbor of the witness, and which controlled him in refusing the writ.

With reference to the second witness, as with the first, the sheriff's return made it manifest that she could not be present during the term then being held.

2. The defendant, immediately after the court's refusal to issue

the writs of attachment, made two motions for a continuance, each based on the refusal to compel the attendance of these witnesses.

He alleged, at some length, the facts he expected to prove by these witnesses.

The first are alleged statements made to the witness (the mother of the accused) by the deceased after he had been mortally wounded.

By the second witness he expects to prove that the dying declaration of the accused was illegal and could be of no effect.

He also alleges that there was no other witness present by whom these facts could have been proven; also that their presence could not be obtained during the term.

The refusal to grant the continuance has for basis: The failure of the affiant to state that he could not prove the facts sought to be proven by the absent witnesses, by any other witness within the jurisdiction of the court.

The trial judge states that the motion was made for delay, and that he does not believe in the truthfulness of the affidavit, and gives his reason for disbelieving its verity.

3. The court, while the case was being tried and the witnesses for the State were being examined in chief, permitted the prosecution to introduce testimony to prove the character of the deceased as a peaceable and quiet man. This testimony was admitted to meet the plea of self-defence.

The defendant objected and urged that he had not offered any testimony to prove character, and that such testimony could not be admitted to meet anticipated defences.

That the testimony was irrelevant and inadmissible.

4. The defendant charges that, during the trial and while witnesses were being examined, the sheriff and a deputy occupied seats in front of the jury; in their presence and hearing suggested questions to the counsel for the State, to be propounded to witnesses.

He represents that this participation on the part of these officers had the tendency to produce an unfavorable impression against him.

The trial judge states that the sheriff was the court's interpreter at the time.

That it may be that counsel for the defendant, who were watchful, "overheard what the sheriff whispered" to the District Attorney; but that he did not perceive that it was heard by the jury.

5. The defendant complains that he was not permitted to recall

and examine a witness for the State some time after he had been discharged as a witness.

In rebuttal of testimony offered to prove the good character of the defendant, the State offered in evidence the records showing that he had been indicted for carrying concealed weapons, also for violating Act 31 of 1886, relative to disturbances of the peace in public streets, etc., and that he plead guilty and was sentenced in each case.

The trial judge ruled that the evidence was admissible as affecting the testimony of defendant.

7. The defendant moved the court to charge the jury in writing. This motion was not insisted upon, but he represents that the trial judge had not been sufficiently guarded at the time that he called counsel's attention to the rules of court on the subject in the presence and hearing of the jury, in stating that the counsel "appeared to be in search of a point."

This is the last of the many grounds of the defence, and a statement of the case.

1. It is consonant with reason, if it be proven that the presence of a witness can not be procured during the term, the writ of attachment should not issue. It would be useless.

The trial judge has stated fully why they could not be compelled to attend as witnesses at the time.

Under the jurisprudence of this court his statements embodied in bills reserved must be accepted as correct.

If there was need of corroboration of the statement that the witnesses were unable to attend, there would be ample corroboration by the allegation in each motion for a continuance, viz: "That the presence of said witness can not be procured at the present term of your honorable court."

In the case of State vs. Benjamin, 7 An. 48, a witness was unable to attend court during the term. It was decided that the attachment was properly refused.

2. In refusing a continuance the District Judge has given several reasons justifying his action.

He was unfavorably impressed by the affidavit for a continuance and did not receive it as true. We do not discover that his discretionary powers have been abused; on the contrary, they were properly exercised.

In criminal trials continuances are left, in much greater degree than in other matters, to the sound discretion of the trial judge. State vs. Clark, 37 An. 129; State vs. Hunt, 4 An. 439.

3. The character of the deceased.

No authority has been cited (and after most diligent search we have not found one) in support of the admission in chief for the State of testimony to show the character and reputation of the deceased.

The proposition excluding the testimony comes to us sustained in every instance by unanimous courts. "When not assailed by the prisoner the character of the deceased is not admissible although he pleads self-defence and attempts to establish it." Pound vs. Georgia, 43 Ga. 89; Ben vs. State, 37 Ala. 103; State vs. Potter, 13 Kan. 424. In the case just cited, Judge Brewer, at the time Justice of the Kansas Supreme Court, now of the United States Supreme Court, was the organ of the court. Dock vs. Commonwealth, 21 Grat. Va. Commonwealth vs. Anderson, 909 Col. 703; State vs. Bass, 11 An. 478.

We have examined every decision referred to by the authors hereafter mentioned, and have not found anything in support of the proposition. In every case the verdict was annulled. Bishop Crim. P., Sec. 612; Greenleaf, Vol. 3, Sec. 27; Wharton Cr. Ev., p. 83; Wharton on Homicide, Sec. 625; Best on Prin. of Ev., Sec. 257.

We are constrained to the conclusion that the case must be remanded. We can not presume that the evidence had no influence on the deliberation of the jury. Wharton, Vol. 3, Sec. 3257.

4. The alleged participation of the sheriff and one of his deputies in the prosecution.

This question as presented is one of discretion.

The trial judge, from whom we received the narration of facts, did not discover any impropriety that could in the least influence the jury.

We will not assume that the jury has been in any manner influenced by the conduct of these officers.

5. The recall of a State witness some time after he had been discharged.

This again is a question of discretion of the judge. It was a mere privilege asked, and the court could legitimately refuse to grant it. State vs. Gonsoulin, 38 An. 462.

6. The records showing previous conviction of the defendant for offences committed, was not improperly admitted for the purpose of

35

discrediting the evidence of the defendant, offered to prove his good character.

He placed his character at issue; the records of the court, for the purpose of impeaching the testimony of his witnesses, and to show erroneousness of their statements, were admissible.

We are of opinion, therefore, that none of defendant's bills were correctly reserved, except that relating to the evidence taken over defendant's objections to prove, in chief, the quiet and peaceable character of the deceased. The sentence and the judgment of the court *a qua* must be reversed, the said verdict set aside, and the cause remanded for new trial, and it is accordingly so ordered.

---

BERMUDEZ, C. J., dissenting.

The bill of exception which is declared to rest on good grounds, and which is made the foundation on which the case is remanded, does appear to be such as should *not* be sustained.

The complaint is that the District Judge permitted, over the objections of the accused, evidence to be received on the part of the State, in advance of any attack on the reputation of the deceased, to show that he was of quiet, peaceful disposition.

The evidence was objected to on the ground that it was *irrelevant* and *inadmissible*.

Conceding that it had that character, how can the accused complain? Surely, evidence which is *irrelevant* does not appertain to the case, and, if so, how can it be urged that it influenced the jury in their deliberation in a way prejudicial to the prisoner?

*Besides*, there was made a motion for a new trial, in which *no* complaint was made to the ruling of the judge admitting that evidence.

A motion for a new trial has for its object to show, not only that the verdict convicting an accused is contrary to the evidence and to law, but also to set forth the erroneous rulings of the judge previous to the verdict, in order to afford him an opportunity to review those rulings, and if he find that they were made in error, to afford speedy relief to the accused.

"When *no* motion for a new trial is made to correct such errors, most of the decisions hold that they are deemed to have been waived, and that the appellate court will refuse to review them."

" If the party complaining fails to pursue this mode he loses the benefit of any errors on the trial, and is concluded as to all matters occurring at the trial."

The exceptions taken at the time of the ruling should be renewed in a motion for a new trial, to exhaust the powers of the trial court. V. Thompson on Trials, Vol. 2, p: 2051, No. 2712 and note, and p. 2126, No. 2802, 2803, and cases cited.

Mr. Justice Watkins concurs herein.