(114 So.·83)

No. 28683.

STATE .v. BRADFORD.

July 11, 1927. Rehearing Denied Oct. 4, 1927.

(Syllabus by Editorial Staff.)

1. Criminal law ☞264—Defendant prosecuted for manslaughter held not entitled to object to arraignment in district court at special term (Const. 1921, art. 7, § 43).

Under Const. 1921, art. 7, § 43, providing that district courts shall hold continuous session during ten months of year, there is no distinction between regular and special term of district courts, judge of which is sole judge of when public business requires him to sit during such time, and defendant convicted of manslaughter may not complain that he was arraigned during special term of court.

2. Criminal law ☞1149—Trial judge's discretion to refuse consent to withdraw plea of not guilty is subject to review on appeal (Rev. St. § 1028; Act. No. 135 of 1898, § 16).

In criminal case, after issues joined by plea of not guilty, defendant can no longer set up dilatory or formal· plea or motion unless ·for change of venue, under Rev. St. § 1028, or challenging venire of petit jurors under Act No. 135 of 1898, § 16, without withdrawing ·plea of not guilty, which requires consent ·of judge, whose discretion is not arbitrary but is reviewable on appeal.

3. Criminal law ☞1167(5)—Requiring person to plead at once on arraignment held not prejudicial.

Defendant accused of manslaughter cannot be prejudiced by being required to plead at once on arraignment, but, in such respect, may be prejudiced only by arbitrary refusal to permit withdrawal of plea of not guilty in order to file another plea showing semblance of merit, and probability of substantial prejudice.

4. Criminal law ☞1111(3)—Bill of exceptions complaining of failure to serve defendant with copy of jury list two days before trial where per curiam showed that he was so served held frivolous.

Bill of exceptions by one convicted of manslaughter complaining that he was not served with copy of jury list two days in advance of trial, where per curiam showed that he was' so served, held frivolous.

5. Criminal law ☞1166½(5)—Refusal to quash venire because juror was excused by judge preventing venire from having full statutory number. held not reversible error.

In prosecution for manslaughter, trial judge's refusal to quash venire because it did not contain full number provided by statute through certain jurors' having been excused by judge held not reversible error.

6. Criminal law ☞1166½(8)—Defendant exhausting only nine of twelve peremptory challenges may not complain of overruling challenge of juror for cause.

In prosecution for manslaughter, where defendant exhausted only nine of his twelve peremptory challenges, he cannot complain on appeal of trial judge's refusal to sustain challenge of certain juror for cause.

7. Criminal law ☞366(2)—Homicide ☞166 (2), 192—Testimony as to quarrel between defendant and deceased, which appertained to res gestæ, tended to show motive and aggression, held not error.

In prosecution for manslaughter, permitting witness to answer question as to whether quarrel between defendant and deceased caused entertainment, shortly before· fatal difficulty, to break up, which appertained to res gestæ, bore

on motive for homicide, and as to who might have been aggressor, and was proper, especially in view of fact that answers given could not have harmed defendant.

**8. Criminal law ⊜⇒1153(4)—Witnesses ⊜⇒262 —Recalling witness after dismissal lies in trial court's discretion, subject to review.**

Matter of recalling witness once dismissed lies in trial judge's sound discretion, which will not be interfered with in absence of showing a clear abuse.

**9. Witnesses ⊜⇒387—Refusal to permit state's witness to be recalled for impeachment held not abuse of trial court's discretion.**

Where witness, though put on stand by state, had also been summoned by defense, who examined him before he was put on stand, refusal to permit him to be recalled after dismissal, for purpose of impeachment, *held* not abuse of trial court's discretion.

**10. Criminal law ⊜⇒823(17)—Instruction stating that if accused killed under certain circumstances he would be guilty of manslaughter at least held not error for including expression "at least," in view of another instruction.**

In prosecution for manslaughter, instruction that if defendant killed under certain circumstances he would be guilty of manslaughter at least was not error for including "at least," as implying that he might be guilty of murder, in view of instructions that only verdict of guilty as charged or not guilty could be returned.

**11. Criminal law ⊜⇒823(15)—Failure to include requirement of finding facts beyond reasonable doubt in instruction authorizing conviction of manslaughter held not error, in view of another instruction.**

Charge that if jury found accused unlawfully killed deceased in heat of passion to find him guilty of manslaughter, without telling jury that such finding of fact should be beyond reasonable doubt, was not error, in view of instruction that accused was presumed to be innocent, which presumption continued until state should by evidence establish his guilt beyond reasonable doubt.

Appeal from Eighth Judicial District Court, Parish of La Salle; F. E. Jones, Judge.

Harvey Bradford was convicted of manslaughter, and he appeals. Affirmed.

C. W. Flowers, of Jena, S. R. Holstein, of Winnsboro, and A. D. Flowers, of Jena, for appellant.

Percy Saint, Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield (E. R. Schowalter, of New Orleans, and John R. Hunter, of Alexandria, of counsel), for the State.

ST. PAUL, J. The defendant was indicted for manslaughter, and was duly tried, convicted, and sentenced. He appeals and brings up eight bills of exception numbered respectively 1 to 3, 3A, and 4 to 7.

## I.

The defendant was indicted April 1st; he was arraigned April 8th. He objected (1) that this was at a special and not a regular term of court, and (2) that he had not been notified in advance of said arraignment and hence had not been given time to prepare and file preliminary pleas before joining issue.

[1] 1. Section 43 of article 7, p. 50, of the Constitution of 1921 (formerly article 117, Const. of 1898), provides that:

"District courts * * * shall hold continuous sessions during ten months of the year. * * * In each district composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require."

From which it is clear that there is, during said ten months, no distinction between a regular term and a special term of the district courts; said courts are then either in session or not in session, "as the public business may require." And the district judge is the sole judge of when "the public business" may require him to sit during said time. Defendant has therefore no cause for complaint if the district judge should be of opinion that the public business may require him to sit on any particular day, not a holiday, during said time.

2. In State v. Shields, 33 La. Ann. 1410, this court said:

"The law provides no delay for arraignment after indictment or information, and the defendant is required to plead when arraigned, which is his only time as of right. * * * Indulgence is often granted in the discretion and leniency of the court, but there is no law controlling such discretion."

[2, 3] It is true that after issue joined by plea of not guilty, a defendant can no longer set up any dilatory or formal plea or motion (unless for change of venue [R. S. § 1023], or challenging the venire of petty jurors [Act No. 135 of 1898, § 16]), without withdrawing his said plea of not guilty, which cannot be done without the consent of the judge (16 Corp. Jur. 396). Nevertheless the discretion allowed the trial judge to refuse such consent is not an arbitrary one, and may be reviewed on appeal. 8 R. C. L. 112. Hence a defendant cannot be prejudiced by being required to plead at once upon arraignment, but only when arbitrarily refused the right to withdraw such plea of not guilty in order to. file some other plea showing a semblance of merit and probability of substantial prejudice.

In this case the defendant did not even apply for leave to withdraw his said plea for the purpose of filing any other plea or motion whatsoever.

This bill, No. 1, is therefore without merit.

## II.

[4] The defendant complains in his bill No. 2 that he was not served with a copy of the jury list two days in advance of his trial. The *per curiam* shows that he was. The bill is frivolous.

## III.

[5] Bill No. 3 was taken to the refusal of the trial judge to quash the venire of petty jurors because it did not contain the *full* number of jurors provided for by statute, a certain juror having been excused by the judge. In State v. Shields, 33 La. Ann. 1410, this court said:

"Exception is taken to the action of the court in excusing a juryman, for a cause which the defendant contends was not sufficient under the law. Admitting the cause was not sufficient, the judge exercised his discretion in determining the question, and his error in such matter would afford no ground for relief."

In State v. Davis, 154 La. 301, 97 So. 451, this court said: "A venire is not to be quashed merely for irregularities," but only where fraud is shown.

## IV.

[6] Bill No. 3A was reserved to the refusal of the trial judge to sustain a challenge for cause of a certain juror. If this bill had any merit otherwise (which it has not) it would still be unsound, for the reason that the defendant exhausted only nine of his twelve peremptory challenges, and was therefore in a position to protect himself against this juror without sacrificing any of his peremptory challenges. See per curiam, Tr. 53.

## V.

[7] Bill No. 4 was reserved to the overruling of an objection to the following question put to a state witness by the district attorney, to wit:

"Mr. Hodges, you have stated that the entertainment broke up about five minutes before the fatal difficulty occurred. I want to know if there was any row between Mr. Bradford, the defendant, and Mr. Bell, the deceased, that caused the entertainment to break up?"

This bill is bad for four reasons: (1) The question clearly appertained to the *res gestæ*; (2) it bore upon the motive for the homicide; (3) it had a bearing upon who might have been the aggressor in the difficulty which followed; and (4) the answers given by the witness could not possibly have injured defendant, rather the reverse, thus:

"Answer: There seemed to be a row between them all right, but that wasn't what caused the game to break up.
"Question: Did this row you speak of between them occur shortly before the game broke up? Answer: Yes, sir.

"Question: Who started that row? Answer: I couldn't tell you.

"Question: You mean you do not know? Answer: I don't know." (Tr. 69.)

## VI.

Bill No. 5 relates to the refusal of the trial judge to permit a witness for the state to be recalled for further cross-examination after he had left the stand. The contention of the defendant is that when he dismissed the witness his counsel reserved the right to recall him for the purpose of laying a foundation for impeaching the witness. The trial judge says that such was not the case; that counsel wished to reserve the right to recall the witness only for further cross-examination and said nothing of laying a foundation for impeachment; that this privilege was refused at the time; that when it was sought to recall the witness he was not even in court.

[8] The matter of recalling a witness, once he is dismissed, is a matter which lies in the sound discretion of the trial judge, and this court will not interfere with that discretion unless a clear case of abuse be shown. It is a mere privilege asked, and the court can legitimately refuse to grant it. State v. McCarthy, 43 La. Ann. 541, 9 So. 493.

[9] In the case at bar we see no evidence of an abuse of discretion. The trial judge was in a better position than we are to exercise a sound discretion in the matter. He says that the witness, though put on the stand by the state, had also been summoned by the defense and been examined by the defense before being put on the stand; that the matter upon which the defense sought to impeach him related to his testimony given before the coroner; and that the defense knew or could have known what the witness had sworn before the coroner when they entered upon his cross-examination.

We are of the opinion that the bill has no merit.

## VII.

[10, 11] Bill No. 6 was reserved to the charge of the trial judge to the effect that if the accused killed the deceased under certain circumstances he would be guilty of manslaughter "at least"; and the objection is that the jury might thereby be led to believe that the accused might even be found guilty of murder herein, though charged only with manslaughter.

Defendant also objected to so much of the charge as told the jury that if they found from the evidence that the accused unlawfully killed the deceased in the heat of passion, they should find him guilty of manslaughter, without telling the jury that this finding of the facts should be "beyond a reasonable doubt."

The bill is without merit. The written charge to the jury shows that the jury were told that there were but two verdicts which they could bring in, to wit, guilty, as charged, or not guilty. It further shows that they were told that the accused was presumed to be innocent and that such presumption continued until the state should, by evidence, establish his guilt beyond a reasonable doubt; and it was not necessary to repeat this at every turn.

## VIII.

Bill No. 7 was reserved to the overruling of a motion for a new trial; it presents nothing for our consideration which has not already been passed upon except an attack upon the competency of a juror who sat upon the case, which attack is wholly unfounded.

## Decree.

The judgment appealed from is therefore affirmed.