288 So.2d 636 (1974)
STATE of Louisiana, Appellee,
v.
Earl A. GRIFFIN a/k/a Robert Earl Griffin, Appellant.
No. 53883.
Supreme Court of Louisiana.
January 14, 1974.
*637 Milton P. Masinter, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Griffin was convicted of possession with intent to distribute of a controlled dangerous substance, heroin. La.R.S. 40:971(A)(1)(a) (1970). He was sentenced to ten years at hard labor.
Upon his appeal, he relies upon two bills of exceptions, both as to the denial of a new trial.

(1)
His first assignment of error is that the trial court erred in refusing to permit him to recall two witnesses. The thrust of this ground urged for a new trial was that about fifteen uniformed police officers had appeared and seated themselves in the courtroom during the closing stages of the trial, and that this had unduly prejudiced the defendant in the eyes of the jurors.
The first three jurors (of the five-man jury) called and questioned by the defense, testified they noticed nothing unusual occurring during the trial. The fourth juror testified he had noticed several policemen but thought nothing unusual about it. They were dismissed.
The fifth juror had not received his subpoena and so the hearing was continued to another day. At the continued hearing, this witness testified that he had noticed several policemen coming in one or two at a time and had noticed that several of the spectators got up and left at once. He further stated he drew no conclusions as to why the policemen were entering or why the other spectators were leaving.
At the conclusion of the hearing the defense counsel then asked to recall at least two of the first four jurors in order to question them in more detail as to the presence of the policemen in the courtroom. Upon the trial court's refusal, he perfected the present bill.
*638 Louisiana criminal procedure has long permitted the recall of witnesses even after they have been dismissed after direct and cross-examination. State v. Johnson, 116 La. 30, 40 So. 521 (1906); State v. Baker, 30 La.Ann. 1134 (1878). However, in its sound discretion, the trial court may deny permission for a party to recall a witness if it will cause undue delay and if the facts show that the party had a reasonable opportunity on the witness's first appearance to question him about the matter for which his recall is sought. State v. Bradford, 164 La. 423, 114 So. 83 (1927); State v. Garner, 135 La. 746, 66 So. 181 (1914). Cf., State v. Pailet, 246 La. 483, 165 So.2d 294 (1964).
Ordinarily, the discretion of the trial court should be exercised in favor of permitting recall of the witness in the interests of justice. Here, however, we find no abuse of discretion.
The defendant had called the juror-witnesses for the express purpose of securing their testimony as to whether or not the presence of the policemen in the courtroom had any prejudicial effect. He sought to recall them for further testimony only after his fifth witness had shown more awareness of the officers' presence than had the two witnesses he had dismissed after the previous day's hearing. He was, in a sense, trying to impeach their previous testimony by further examination, although he had had the full opportunity by pre-trial interrogation and at their first appearance to explore the matter fully. The recall would have necessitated yet a further continuance to a third day of the hearing on the motion for a new trial, without any compelling reason to believe that the recalled witnesses' testimony would be different on the recall than it had been on their first appearance.
We find no merit to the bill.

(2)
The defendant's second allegation of error likewise is without merit. By this bill, he urges that a new trial should be granted because subsequent to conviction new and material evidence was discovered. This consisted of the testimony of a lifetime friend of the defendant, a twice-convicted felon, and an admitted heroin user, contradicting in some respects the testimony of the arresting officers who had testified at the trial.
Aside from the discretion of the trial court to deny a new trial sought on allegedly newly-discovered evidence which is suspicious or incredible and not so material as to suggest a different result than the verdict reached, State v. Jackson, 253 La. 205, 217 So.2d 372 (1968), the hearing does not disclose any reason why the "new" evidence could not by reasonable diligence have been discovered before the trial so as to be produced at it. La.C.Cr.P. art. 854(1).
We find no error in the trial court rejecting this ground urged for a new trial.

(3)
Two other bills were taken at the trial concerning the alleged illegal search and seizure of the heroin. On appeal, they were expressly abandoned upon the concession that the testimony at the motion to suppress shows they were legally seized.
On our own motion, however, we notice that the sentence was imposed immediately after the expiration of the denial of the motion for a new trial and before expiration of the twenty-four hour delay required, in absence of waiver, for a legal sentence. La.C.Cr.P. art. 873. The sentence must therefore be set aside and the case remanded for resentencing. State v. Hampton, 274 So.2d 383 (La.Sup.Ct. 1973).

Decree
For the reasons assigned, the conviction is affirmed, but the case is remanded to the trial court for re-sentencing in compliance with law.
Conviction affirmed.