## STATE *v.* JOHN McGINNIS.

The information charged that the prisoner on, &c., at, &c., "with a certain dangerous weapon, to wit: a pistol, in and upon one *Thomas Martin*, did make an assault, by wilfully shooting at him with the intent, him, the said *Thomas Martin*, then and there to kill and murder." There was endorsed on the information the phrase "Information with intent to kill," which formula was repeated by the clerk in the entry on the minutes of the court. *Held:* That the mistake of the clerk neither enlarged nor reduced, nor violated the authentic accusation contained in the body of the information on which the prisoner had been arraigned and pleaded not guilty.

The verdict of guilty, found by the jury, was properly followed by a sentence against the prisoner for the offence charged in the body of the information. The minor offence of "an assault with intent to kill," endorsed on the information, was not the offence for which he should have been punished.

APPEAL from the First District Court of New Orleans, *Hunt*, J.

*E. W. Moïse*, Attorney General for the State. *B. S. Tappan* and *Race & Foster*, for the appellant.

SPOFFORD, J. *John McGinnis* has appealed from a judgment of the First District Court of New Orleans, whereby he was sentenced to eighteen months imprisonment, at hard labor, in the State Penitentiary, and to pay the costs of prosecution.

There is no bill of exceptions in the record, and our attention is confined to two errors assigned in this court as apparent on the record:

"1st. That the accused has been sentenced for an offence for which he was never tried.

"2d. That he has been sentenced under an illegal, invalid and insufficient information."

Under an Act of 1855, (Revised Statutes, p. 160, Section 2,) "prosecutions for offences not capital, may be by information, with the consent of the court first obtained."

It appears by the record, that the District Attorney, with leave of the court, filed an information against *John McGinnis*, which was duly docketed and numbered 12,574. This information, which thus became an integral part of the record, charged, that *John McGinnis*, on, &c., at, &c., "with a certain dangerous weapon, to wit: a pistol, in and upon one *Thomas Martin*, did make an assault, by wilfully shooting at him, with the intent, him, the said *Thomas Martin*, then and there to kill and murder."

STATE
v.
McGINNIS.

Upon his arraignment, he pleaded "not guilty," and, after a trial, the jury brought in a verdict of "guilty," with a strong recommendation to the mercy of the court. There was no demurrer, no motion to quash, and no motion for a new trial or in arrest of judgment.

Inasmuch as under the number and title of the cause, there was endorsed upon the information, the phrases "information for assault with intent to kill," a descriptive formula, which, it appears, the clerk repeated when making his entries relative to the arraignment, trial, &c., &c., the appellant contends that we must infer that he was tried for nothing but an assault with intent to kill, which is punishable by simple fine and imprisonment, (Revised Statutes, p. 136, Section 10,) and could not be punished for an assault by shooting at another, or an assault with intent to commit murder, which are punishable by imprisonment, at hard labor, not exceeding two years. Revised Statutes, p. 136, Section 9.

The concise endorsement of the character of the offence upon an information or indictment is for convenience only, and forms no part of the substance of the charge. The *State* v. *Smith*, 5 Ann. 341; *State* v. *Rohfrischt*, 12 Ann. 383. It is advisable that the District Attorney or the clerk, if he makes such endorsement at all, should describe the offence as accurately as is consistent with brevity; but a mistake in this particular can neither enlarge nor reduce, nor vitiate the authentic accusation which is contained only in the body of the indictment found, or information filed by leave of the court.

The prisoner is never called to answer to the condensed title of a bill or information; he is arraigned and tried upon the bill or information itself.

So an error of the clerk in entering upon his minutes a brief description of the nature of the offence, whenever the case is called by its number and in its order, cannot change in any degree the formal accusation preferred against the prisoner according to law, nor vitiate the proceedings under such accusation.

Although, in this case, it would have been more accurate to have endorsed upon the information the words, "assault by shooting another with intent to murder," the prisoner to whom that information was read, when he pleaded to it, knew that such was the nature of the accusation against him; and the mistake of the District Attorney or the clerk in styling the offence "an assault with intent to kill," by an endorsement which was surplusage and entries which were needlessly full, mislead no one; for the prisoner was tried, not upon the endorsement, nor upon the concise description of the charge unnecessarily added by the clerk to his entries of the proceedings in the case, but upon the information itself. And when the jury found a general verdict of guilty, they found the prisoner guilty in manner and form as charged in the information, not as charged in the endorsement or the clerk's entries.

The second error assigned is so vaguely set forth that, perhaps, it should receive no notice at our hands. We will remark, however, that the information strictly pursues the tenor of the 9th Section of the crimes Act of March 14th, 1855, p. 131, and that the offence is purely statutory. If there are any defects in setting forth details, they are defects of form merely, and as such, should have been objected to by demurrer or motion to quash before the jury was sworn, and could not be listened to afterwards. Act relative to criminal proceedings, approved March 14th, 1855, Section 18, Revised Statutes, p. 177, Section 91.

Judgment affirmed.