## No. 7677.

### STATE OF LOUISIANA vs. GUSTAVE BREAUX.

In the absence of any statement of the grounds on which the judge below excused two of the thirty jurors who had been drawn for the week of the term in which the defendant was tried for and convicted of murder, it will be presumed that the judge excused them for sufficient and legal cause.

The defendant in a criminal trial has not the right to demand attachments for absent jurors when there is present a sufficient number to form a panel.

APPEAL from the Fifth Judicial District Court, parish of West Baton Rouge. *McVea*, J.

*J. H. Lamon*, district attorney, and *H. N. Ogden*, Attorney-General, for the State.

*William B. Robertson* for defendant and appellant.

---

W. B. Robertson for defendant:

First—That the judge had no right to excuse from serving any juror who had been regularly drawn, except for cause shown. 3 A. 51; 7 A. 285.

Second—That every man charged with crime has a right to a trial by an impartial jury, and that an impartial jury can only be had when drawn according to law. Constitution of the United States; Constitution of Louisiana, 1868, article 6.

H. N. Ogden, Attorney-General, and J. H. Lamon, district attorney of Fifth Judicial District, contra:

A copy of the *venire* was served upon the accused; he announced himself ready for trial. It has not been shown that he has not had a

perfectly impartial jury, or a fair trial; it has not been proven that he has been injured in any way. The questions of fact presented in these motions are exclusively cognizable by the district judge. The identical points made by the accused have been decided adversely to him in the case of State vs. John Johnson, 11 A. 422; also in 11 A. 81, 479; 26 A. 422; 28 A. 631; 29 A. 642.

The action of the judge in refusing to issue the writs of attachment is sustained by the authorities.

---

The opinion of the court was delivered by

SPENCER, J. The defendant was indicted for and convicted of murder, and sentenced to death. He appeals, and relies on the following points for reversal of his sentence:

First. Of the list of thirty jurors drawn for the second week of the term, and served on him, the court on the day the list was served excused two, without the knowledge or consent of the accused, and without there being any legal showing made of the propriety or legality of excusing them. The accused objected to proceeding further with the trial until said jurors were present, or some legal showing made for excusing them. The court overruled the objection, and ordered the trial to proceed.

Second. In calling the list of jurors summoned, two or more of them failed to appear or answer, whereupon the accused moved for attachments to bring in said absent jurors, and objected to proceeding further with the trial until the attachments were executed. The court refused to grant the attachments, and ordered the trial to proceed.

In regard to the first exception, the excusing of two jurors, it does not appear what were the reasons inducing the judge to do so. In the absence of any statement of the grounds, we must presume that the judge did so upon sufficient and legal cause. How can this court decide his action to be illegal, in the absence of all knowledge on the subject? The accused should have required the judge to state the grounds of his action, if he desired this court to review it. In 7 A. 285, 28 A. 631, and 29 A. 642, this court held that the jury-list served on defendant was not vitiated by the court excusing, for cause, one or more jurors. The case in 3 A. 51 was an extreme case. There a list of 156 jurors had been served on defendant; of these only thirty-six were held to serve, the others having been excused before the service. The list of these thirty-six was handed him only *on the day of trial*. This court held that there was not a substantial compliance with the law, and that such irregularities were calculated to confuse the accused; that the list had been reduced to thirty-six before the service of the list of 156, and that to the knowledge of the officers of the court. The

State of Louisiana vs. Breaux.

list, therefore, contained the names of 120 persons, who were not, at the ·time it was served, jurors. The court say that it suffices if the list is correct at the time of service.

On the second point, it is well settled that the accused has not the right to demand attachments for absent jurors when there is present a :sufficient number to form a panel. 11 A. 81 and 422, and 479 ; 26 A. 422. It is manifest that if such were not the rule, the trial of criminals would rarely ever be effected, as it would be next to impossible to have every person drawn as a juror present on the day of trial. Courts can only be required to comply substantially with the law in such matters, ·care being taken that no prejudice be wrought to the accused.

The judgment is affirmed.