The opinion of the court was delivered by
Watkins, J.
The two defendants, Theogene LeBceuf and Octave LeBceuf, were jointly indicted with J. B. Rodrigues for the crimes of burglary and larceny in one court, tried jointly, found .guilty and sentenced to seven years’ imprisonment at hard labor in the State penitentiary. Rodrigues having “turned State’s evidence,” the complaint as to him was nolle prosequied.
The two convicted defendants prosecute this appeal, relying on several bills of exceptions taken at different stages of the proceedings.
I.
The first bill of exceptions relates to the absence of a witness of the defendants whose testimony they desired to procure on the trial of their application for a change of venue. Said witness being called, and found absent, their counsel desired that a note of evidence on the evidence book be left open until the testimony of the *1042 absent witness could be procured, or the motion be assigned for a different day for that purpose, it having been ascertained that the witness’ absence was occasioned by the sickness of his wife. This application having been refused, counsel retained a bill of exceptions, and the trial judge assigned as his reason for thus ruling that the facts stated were known to the court and admitted by the State, and that they could be incorporated in a bill of exceptions when presented, and hence it was unnecessary to waste the time of the court on taking testimony upon admitted facts. He further stated that he refused to defer the trial of the motion to another day, because there were a number of witnesses summoned, and in attendance on the court, and from the same portion of the parish as the absent witness, whose testimony was of like character as that which was attributed to him, and consequently his statement would only be cumulative.
In this we can perceive nothing of which the accused have any ground of complaint.
II.
The second bill relates to the judge’s refusal of the request of the accused to have a certain other witness called to the stand to testify on the same motion, notwithstanding said witness was in the courthouse at the time. The judge assigns as his reason for refusing this request that the witness mentioned was at the time a juror on the regular panel, and was a member of a petit jury sitting on the trial of an important criminal case which had been submitted to them and. which was then undetermined, and he, consequently, deemed it improper to have him called into court and disturb the jury in their deliberations, when the testimony of this witness would have been of like character and tenor as that of numerous other witnesses who-had already been heard — his testimony being merely cumulative.
Of this ruling the accused had no ground of complaint.
III.
The third bill relates to the declination of the judge to postpone the trial of the cause, on the ground that a true and correct copy of the venire had not been served upon them, in that the name of one of the jurors on the copy served was written Aniste Dupont, whereas it appears on the original as Lavaniste Dupont; and further, that said alleged copy of the jury list as served did not have the proper cer *1043 tifieate; and further, because the name of George E. Brooks, one of the jury commissioners, was styled George B. Burke on the copy that was served upon them.
These objections to the service were held inadmissible by the judge and the trial was ordered to be proceeded with for the following reasons, viz.:
1. Because a certified copy of the indictment and of the uemrehad been served.
2. Because same had been properly certified.
3. Because the complaint of the name of the jury commissioner, Brooks, being incorrectly given as Burke, was a mere typographical error, and could not result injuriously to the defendants; and, in addition, the certificate of the jury commissioners did not form any part of the venire which the law required to be served on an accused; and hence this part of the objection is frivolous.
4. That the name of the juror, Lavaniste Dupont, having been written Aniste Dupont on the copy of the venire which was served on the accused is inconsequential, and could not affect the legality of service, because the name was correctly written on the original venire, and that the omission of the first syllable of the name, to-wit: “ Lav ” was the result of accident. But even if this objection were otherwise fatal to the service, no possible injury could have resulted to the accused, because this particular juror did not serve on the jury of trial — citing 11 An. 81; 2 An. 732; 25 An. 573; 39 An. 229; 35 An. 975.
In our opinion, the trial judge satisfactorily and correctly disposed of the objections urged and properly declined to postpone the trial of the cause.
IV.
The fourth bill relates to the judge’s refusal to grant the accused a continuance when the case was called for trial, because of the absence of certain of their witnesses.
For this ruling the trial judge appends tp the bill the following as his reasons, viz.:
1-. Because, in his opinion, the application was made simply for delay and not to enable the accused to obtain substantial justice.
In substantiation of his opinion he cites and relies upon the various pleas that were urged by the counsel for the accused, and which had *1044 already been overruled by the court — -and amongst them those discussed in the preceding bills of exception, and all of which he styles “frivolous pleas and objections.”
He further states, as an additional reason for his ruling, that one of the absent witnesses named was an uncle of one of the accused, who was absent at the time in an adjoining parish on a fishing excursion, and had thus absented himself a week prior to the date which defendant’s counsel had made his order for summonses to issue for their witnesses, and to the knowledge of the defendant for whose account he was to be summoned, and possibly at his suggestion.
He further states that the accused was not prejudiced by the absence of another witness named, for the reason that another witness was summoned for the purpose of proving the same state of facts as that alleged to have been within the knowledge of the absent witness ; and consequently, if this testimony was obtained it would only be cumulative and corroborative — citing Fremaux case, 39 An.
He further states that two other witnesses named were citizens and residents of another parish, and to the knowledge of the accused at the time application for a continuance was made, because said witnesses resided at no great distance from the accused; and, considering the great importance of the testimony of said witnesses to the accused, “ they were guilty of gross negligence in not ascertaining the parish wherein they resided, and did not use ordinary diligence, much less due diligence, to procure their presence ” — citing 36 An. 854; 6 An. 554; 25 An. 525; 28 An. 46; 30 An. 1176; 31 An. 179; 33 An. 1110; 34 An. 381; 36 An. 81, 153, 291; 39 An. 214; 1 Bishop, Orim. Prac., Sec. 951.
He further states that neither of the accused had prefaced their application for a continuance with an application for compulsory process against said absent witnesses for the purpose of obtaining their attendance, and consequently it was matter within the competency and discretion of the court to determine whether a proper case for continuance had been made on the defendant’s application; and, in his opinion, there was no such proper case made out — citing 14 An. 785; 28 An. 46; 33 An. 679; 37 An. 128; Whar. Orim. PL, See. 547.
The judge cited other reasons that influenced his decision in part, but those already recapitulated being, in our opinion, ample, it is unnecessary to state them.
*1045 We think it evident that the trial judge, in refusing to grant a continuance to the accused under the facts and circumstances detailed, acted within the bounds of his judicial discretion and committed no-error in so doing.
V.
The fifth bill of exceptions appertains to the judge’s declination to reject and disallow proof of a proposed compromise of the prosecution that was alleged to have been made by one of the accused, and which proof the State offered to make as an acknowledgment of the guilt of said accused — the proposed compromise having been altogether unsolicited on the part of the prosecutor, and having also-been declined by him.
The objection of the defendant’s counsel was, that this testimony, if received, would have a tendency to show the accused in question guilty of having received stolen goods, a crime not charged in the indictment, instead of showing him to be guilty of burglary and larceny, as charged against him in the indictment.
The judge assigns as his reason for overruling the defendant’s objection and admitting the testimony, that the proposed compromise was, in effect, a confession voluntarily made, and was consequently admissible against this particular accused — the jury having been instructed to the effect that it could not be considered as having any application to the other accused.
He further assigns as a reason for his ruling, that it is competent at all times in a prosecution for burglary and larceny for the State “ to show that the property stolen was found in possession of a defendant recently after the commission of the crime, whereupon the onus is (placed) upon him to satisfactorily account for the way he (became) possessed of the property, (as) in the absence of such satisfactory account, guilt is presumed.”
It is quite evident that this testimony was legally admissible on either one or both of the grounds that the trial judge assigned for its reception. If a contrary rule were established, it would be an easy matter- for persons thus accused to attempt to procure immunity from prosecution, and failing of success, to suppress the testimony the offer afforded of their guilt.
VI.
The sixth bill relates to the refusal of the trial judge to permit the introduction íd evidence of certain proofs of misconduct of certain *1046 members of the jury of trial, in the course of the disposition of defendant’s application for a new trial. This ruling is of no consequence, and it is one of several rulings of like character that is complained of, in view of the conclusions we have reached in reference to the next and last objection that is urged upon our attention.
VII.
After a tedious and protracted trial and the rendition' of a verdict of guilty, the accused made an elaborate application for a new trial, assigning various grounds; but an examination of the record discloses that no bill of exceptions was retained by the accused to its rejection and disallowance by the trial judge.
In the brief furnished by the district attorney, our attention is called to that fact, and also to the decisions of this court, to the effect that in such case the ruling of the trial judge will not be examined, notwithstanding the evidence that was adduced on the trial of such application is in the transcript, it being an indispensable prerequisite to an examination of such evidence, that a bill of exceptions should have been taken and retained to such ruling and the evidence thereto annexed, or substantially embodied in the bill.
That such has been and now is the accepted course of decision by this court is sufficiently attested by the opinions we find collated in his brief. State vs. Given, 32 An. 782; State vs. Nelson, 32 An. 846; also 32 An. 856, 1052, 857; 36 An. 310, 770; 37 An. 467; State vs. Williams, 35 An. 742; 38 An. 684; 39 An. 667.
To this list might be added quite a number of other cases, but it is deemed unnecessary.
After a careful examination and analysis of the various bills of exception and of the reasons assigned by the lower judge, we have reached the deliberate conviction that the accused has have a fair and impartial trial.
This large and voluminous record attests that the accused were rigorously prosecuted and earnestly and well defended, but it discloses no error for which they are entitled to relief at our hands.
Judgment affirmed.