PROVO STY, J.
Joseph Duperier, having been indicted, under Rev. St. 1870, § 791, for cutting with an ax with intent to commit murder, and having been found guilty and sentenced to imprisonment in the penitentiary for seven years, takes this appeal.
He objected to the list of jurors served upon him on two grounds; (1) that the Christian names of two of the jurors on the list were given by initials instead of by being written in full; (2) that one of the names on the list was that of a man who did not exist. He asked that the exceptions be fixed for trial at a future day. The court fixed them for trial instanter, arid overruled them. Both rulings were correct. Granting that the list was irregular in the respects mentioned, the irregularity was not sufficiently serious to postpone the trial, and it is still less so for setting aside the verdict. State v. Rodrigues, 45 La. Ann. 1043, 13 South. 802.
One of the bills of exception reads:
“During the charge of his honor the presiding judge to the petit jury of five, trying this above-entitled cause criminal, and immediately after reading of said charge, defendant, through his counsel requested the court in writing to instruct the jury further, charging therein on the law of homicide and what is a homicide per infortunium, self-defense, and locus in quo and parish, specially refusal to pass on the effect of sections 791 and 793, Rev. St. which written additional charge being denied by the court on the grounds that he had already charged the jury on the subject-matters, specially refusing to charge on the effect as blending of section 791 of the Revised Statutes and section 793 of said Revised Statutes, and was pled on the 28th of March, 1905, and is not now annexed to these presents as the said court refused, after being handed to the court.”
This court does not know what were the special charges which were thus refused, and which are thus “not annexed to these presents.” If the charges were worded as they are in the bill, the judge correctly refused them, because, as thus worded, the jury could not have understood them, and the judge was not bound to modify them» in their verbiage. Where a special charge requested to be given is so worded as to require modification or qualification, the judge is not bound to give it. State v. Riculfi, 35 La. Aim. 770; State v. Jackson, 35 La. Ann. 769; State v. West, 45 La. Ann. 17, 13 South. 173.
Another bill is to the refusal of the judge to amend the minutes so as to show that defendant’s counsel requested a certain special written charge to be given. The record shows that the only written special charge *253 which the counsel requested to the court to give was given; hence on this score defendant has no ground of complaint. Nor is it customary for the clerk of court to note in his minutes such parts of the trial as the requests for special charges.
This court will not review the refusal of an application for new trial when the sole ground is that the verdict is contrary to law, etc.
Motion in arrest of judgment. The minutes show that the defendant was present in court at every important phase of the trial. In the absence of special request, the charge of the judge does not have to be in writing, and still less does it have to be copied in the minutes.
Judgment affirmed.