(66 South. 773)

No. 20886.

STATE v. DODSON.

(Nov. 30, 1914.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⊚⇒627 — PRELIMINARY PROCEEDINGS—COPY OF INDICTMENT—NAMES OF WITNESSES.

The names of the witnesses for the state, which are indorsed on the indictment, form no part of the indictment, and it is not necessary that they should be written on the copy of the indictment served on the accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1399–1408, 1412, 1434; Dec. Dig. ⊚⇒627.]

2. CRIMINAL LAW ⊚⇒631—HARMLESS ERROR — COPY OF INDICTMENT — MISSPELLING OF NAME—CONTINUANCE.

The error of the typewritist in writing "Frant" for the name of "Grant" on the copy of the venire served on the defendant is immaterial; and it is not sufficient to delay the trial of the cause, particularly where it is shown that no injury has operated against the accused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1379, 1437–1446; Dec. Dig. ⊚⇒631.]

3. CRIMINAL LAW ⊚⇒589, 1152 — MATTERS REVIEWABLE—EXCUSING OF JURORS.

The action of the trial judge in excusing jurors from service will not be reviewed, unless it is shown that the discretion vested in him over such matter has been abused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1315, 1319, 3053–3057; Dec. Dig. ⊚⇒589, 1152.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Lee Dodson was convicted of manslaughter, and appeals. Affirmed.

Carter & Cagle, of Coushatta, for appellant. R. G. Pleasant, Atty. Gen., and J. F. Stephens, Dist. Atty., of Coushatta (G. A. Gondran, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Defendant was charged with murder, convicted of manslaughter, and appeals from a sentence condemning him to serve six years in the penitentiary.

[1] Defendant objected to going to trial on the ground that a true copy of the indictment found against him had not been served upon him, in that the copy did not contain the names of the witnesses for the state which were indorsed on the original indictment.

No law requires the state to furnish defendant, in the indictment, in the information, or elsewhere, with the names of the witnesses for the state; and the objection that the names of the witnesses for the state on the back of the indictment had not been placed on the copy served on the defendant is frivolous. The indorsement of the names of the witnesses on the original indictment was not necessary, and they formed no part of that instrument. Marr's Cr. Jur. p. 440; State v. Valere, 39 La. Ann. 1060, 3 South. 186; State v. Mason, 32 La. Ann. 1018.

We have held with reference to the indorsement of the character of the offense that it was for convenience only, and that it formed no part of the substance of the charge, and that the omission thereof, from a copy served on a defendant was immaterial. State v. Rohfrischt, 12 La. Ann. 382; State v. McGinnis, 12 La. Ann. 743; State v. Smith, 5 La. Ann. 340.

[2] Defendant next complains that a true copy of the original venire list was not served upon him, in that the original contained the name of "A. G. Grant," and the copy, instead, had the name of "A. G. Frant." The objection is frivolous. The error was evidently that of the typewritist, who struck the letter "F," instead of the letter "G." The error could not have misled defendant or his counsel, and it is quite clear that it brought defendant no prejudice, as the court states that A. G. Grant did not serve on the jury, and defendant did not exhaust all of his peremptory challenges.

In the case of State v. Turner, 25 La. Ann. 573, we hold that the copy of the venire which contained the name of "Dauven," instead of "Darven," was only a slight error; and in the case of State v. Duperier, 115 La. 478, 39 South. 455, where the name of two

jurors appeared without their full Christian names, and one juror named had no existence, that the errors were not sufficient to justify the postponement of the trial—basing our decision upon the case of State v. Rodrigues, 45 La. Ann. 1040, 13 South. 802.

Defendant does not allege any wrong intent in writing the name of "Frant," instead of "Grant"; and he does not suggest that he has suffered injury or prejudice by the error. The ruling of the trial court will be affirmed. State v. Boyce, 39 La. Ann. 229, 1 South. 450.

[3] The next error complained of is that the trial judge excused three jurors on the morning that the petit jury appeared for service for the week of court during which defendant was tried, without giving defendant, on the day that he was called for trial, an opportunity of examining the jurors excused on the previous day. This matter is entirely within the discretion of the court, and the action of the trial judge will not be reviewed, unless it is alleged and shown that the discretion vested in him has been abused by him, and that the defendant has been prejudiced by his action. The court will presume that the district judge excused the absent jurors on good and valid grounds at the time that they made application to be excused. State v. Breaux, 32 La. Ann. 222; State v. Kane, 32 La. Ann. 999; State v. Rountree, 32 La. Ann. 1144; State v. Waggoner, 39 La. Ann. 919, 3 South. 119; State v. Madison, 47 La. Ann. 30, 16 South. 566.

Judgment affirmed.