(77 South. 599)

No. 22727.

STATE v. BRIGGS.

(Jan. 3, 1918. Rehearing Denied Jan. 28, 1918.)

*(Syllabus by the Court.)*

1. JURY ⬥131(18)—COMPETENCY—VOIR DIRE EXAMINATION.

Though uninformed men may become confused, in examination on voir dire, as to the difference between the charge, as contained in an indictment, and the evidence required to sustain the charge, and may be led to give answers which, if accepted as given, would disqualify them from serving as jurors in the case to which they are called, it does not follow that, upon further examination, they may not show that they are able and willing to try the case upon the evidence to be adduced, giving proper heed to the instructions of the court as to the law.

2. CRIMINAL LAW ⬥1166½(5) — HARMLESS ERROR—JURY LIST—ERROR.

The fact that there was an error as to one of the names upon the jury list served upon a defendant in a criminal prosecution does not necessarily mean that the conviction is to be set aside where it does not appear that defendant could thereby have been prejudiced.

3. CRIMINAL LAW ⬥1178—APPEAL—BILL OF EXCEPTION—ABANDONMENT.

Where a bill of exception reserved on a criminal trial is not referred to in this court, either in the oral argument or the brief of defendants, and appears to be without merit, it will be presumed to have been abandoned.

4. INDICTMENT AND INFORMATION ⬥91(3)— "FELONIOUSLY AND WILLFULLY."

In an indictment for embezzlement, the words "feloniously and willfully" more certainly express the idea of wrongful intent than the word "wrongfully" alone, as found in the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Feloniously; Willfully.]

Appeal from Twenty-Fifth, Judicial District Court, Parish of Livingston; W. S. Rownd, Judge.

C. C. Briggs was convicted of embezzlement, and he appeals. Affirmed.

W. W. Wall, of New Orleans, for appellant. A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (Vernon A. Coco, of New Orleans, of counsel), for the State.

MONROE, C. J. Defendant prosecutes this appeal from a conviction and sentence upon a charge of embezzlement.

[1] 1. The first bill of exception was reserved to the overruling of defendant's challenges for cause of two prospective jurors, examined on voir dire. Counsel for defendant asked the first of them what degree of evidence he would require in order to convict, to which he replied, "The way I understand it, the state would have to prove him guilty." Then followed a series of questions, the purpose of which seems to have been to confuse the uninformed men as to the difference between the charge, as contained in an indictment ("returned," as counsel for defendant put it, in one of his questions "by twelve honest and true men in the parish of Livingston") and the evidence required to sustain the charge, after which the court propounded the question, "If accepted as jurors in this case, would you both be guided in arriving at a verdict according to the evidence, as you hear it on the trial of the case, and the law as given to you by the court," to which the answer was, "Yes, sir."

The objection to the jurors was not well founded and was properly overruled. State v. Addison, 134 La. 650, 64 South. 497; State v. Mayfield, 104 La. 173, 28 South. 997; State v. Bush, 117 La. 476, 41 South. 793.

[2] The second bill was reserved to the objection that defendant had not been served with a proper list of the jurors, and was based on the fact that the name "Shell Sibley" was called as No. 10 on the list, when the name "Shell Stafford" appeared on the copy served on defendant.

It was shown that no such person as Shell Stafford was then living in the parish, and Shell Sibley was excused by the state, so that defendant sustained no prejudice by reason of the error in the list, and the bill does not show a sufficient reason for setting aside the conviction. State v. Duperier, 115 La. 478, 39 South. 455; State v. Brown, 118 La. 378, 42 South. 969; 12 Cyc. 578.

[3] 3. A third bill contains the recital that, the prosecuting witness having testified, as the first witness called by the state, that defendant never was an agent or employé of his, defendant objected to "any testimony being introduced * * * until agency or employment was first shown," which objection was renewed whenever the state thereafter offered any testimony, and, being overruled, bills of exception were reserved. There is, however, no other bill upon that point in the record than the one now under consideration, and it fails to disclose what testimony, if any, was thereafter offered by the state.

[4] 4. Another bill was reserved to the overruling of motions in arrest of judgment and for new trials; the grounds assigned in support of the exception first mentioned being:

(1) That "the indictment does not define the nature and cause of the accusation against the accused"; and (2) that it "does not contain the necessary and essential allegations to support a conviction."

The indictment reads:

"That one C. C. Briggs, * * * he being then and there an employé of A. R. Abels, of Ponchatoula, La., did, by virtue of his said agency and employment, receive, have, and take into his possession and have intrusted to his care and keeping, for and in the name of the said A. R. Abels, his principal, 38 shares of stock, of the value of $10 each, in the Merchants' & Farmers' Bank & Trust Company of Ponchatoula, La., which said certificates of stock, so received as aforesaid, he, the said C. C. Briggs, did then and there feloniously and willfully use, dispose of, and otherwise conceal and embezzle, contrary to the form of the statute," etc.

The statute applicable to the case is Act 31 of 1888, amending and re-enacting R. S. 905, and reading (in part) as follows:

"Any servant, clerk, broker, agent, consignee, trustee, * * * bailee, curator, testamentary executor, administrator, tutor, or any person holding any office of trust under the executive or judicial authority of this state, or in the service of any public or private corporation or company, who shall wrongfully use, dispose of, conceal, or otherwise embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading, or any other property which he shall have received for another," etc.

Counsel's criticism of the indictment is that it uses the word "willfully" where the statute uses "wrongfully," and that the one is not the equivalent in meaning of the other; but the fact that "feloniously" is coupled with "willfully" is not taken into account, though it can hardly be denied that "feloniously and willfully" import wrongful intent, even more certainly than "wrongfully," alone, from which we conclude that it is better form. State v. Wolff, 34 La. Ann. 1154; State v. O'Kean, 35 La. Ann. 903; State v. Pellerin, 118 La. 554, 43 South. 159. The motion in arrest was therefore properly overruled, and the motion for a new trial presents nothing that has not been considered.

Judgment affirmed.