BRUNOT, Judge.
 

 The accused was indicted, arraigned, and tried for the crime of murder. The trial resulted in the jury returning a qualified verdict. A motion for a new trial was filed, heard, and overruled, and the accused was sentenced to serve a life term imprisonment in the Louisiana state penitentiary. Erom the verdict and sentence, he appealed.
 

 There are ten bills of exception in the record.
 

 Bill No. 1.
 

 This bill was reserved to the overruling of a request, by the accused, to be permitted to withdraw his plea of “not guilty.” The sole reason for the request is that the court held sessions in two parishes of the district on November 23, 1934, the date on which the accused was arraigned. On that date the court was in session a part of the day in the parish of Tangipahoa. After that session of the court was adjourned, the judge opened the court in the parish of St. Helena .
 
 *145
 
 for the purpose of arraignment of persons charged with crime, and for the assignment of their cases for trial, during the approaching regular term of the court in that parish.
 

 In the ease of State v. Bradford, 164 La. 423, 114 So. 83, 84, this court quoted the pertinent part of section 43 of article 7 of the Constitution of 1921, and said:
 

 “From which it is clear that there is, during said ten months, no distinction between a regular term and a special term of the district courts; said courts are then either in session or not in session, ‘as the public business may require.’ And the district judge is the sole judge of when ‘the public business’ may require him to sit during said time. Defendant has therefore no cause for complaint if the district judge should be of opinion that the public business may require him to sit on any particular day, not a holiday, during said time. In State v. Shields, 33 La. Ann. 1410, this court said: ‘The law provides no delay for arraignment after indictment or information, and the defendant is required to plead when arraigned, which'is his only time as of right. * * * Indulgence is often granted in the discretion and leniency of the court, but there is no law controlling such discretion.’ ”
 

 In this case the defendant’s counsel was present in court when his client was arraigned, and he made no objection to the arraignment, or to the entry of the defendant’s plea, or to the assignment of the case for trial at a future date. It is only where the judge arbitrarily refuses to permit an accused to withdraw his plea, after it is entered in the minutes, that this court will interfere. Certain rules of court are attached to this bill. These rules, if it be held that they have application in the three parishes of the district, as to which it is not necessary for us to express an opinion, do not, in any respect, affect the discretion of the judge to convene his court in special session, when the public business can, in his opinion, be best served thereby. The mere fact that court was convened in the two parishes on the same day could not affect any right of the defendant.
 

 Bill No. 2.
 

 This bill was reserved to the overruling of a motion to quash the venire. The bill is based on the fact that there is a duplication of the name of J. M. Needham on the venire list which was served on the accused. It is shown that the venire was regularly drawn and properly advertised, but the clerk of court, in typing the list of jurors for service on the accused, erroneously typed the name of J. M. Needham as juror No. 27, while, in fact, J. M. Jenkins was juror No. 27. The judge excused the juror from service, thereby preventing the possibility of injustice or prejudice being done the accused. In State v. Dodson, 136 La. 185, 66 So. 773, the court held that the error of the typist in typing Frant for the name Grant on the copy of the venire served on the defendant was immaterial. See, also, State v. Brown, 118 La. 373, 42 So. 969. In Marr’s Crim. Jur. vol. 1, § 359, p. 535, we find that a name on the venire list which is served on the accused, of a person who does not exist does not constitute an irregularity sufficient to justify a postponement of the trial. Where no injustice is done the accused, or his defense is not prejudiced thereby, he cannot complain of immaterial
 
 *147
 
 variances between the original venire and the purported copy thereof which is served upon him.
 

 Bill No. 3.
 

 This bill was reserved to the overruling of a motion for a continuance. The motion is based upon the sapae ground as the motion to quash the venire. Our reasons for supporting the ruling'on the motion to quash the venire dispose of this bill.
 

 Bill No. 4.
 

 This bill was reserved to the overruling of defendant’s objection to the following question, which was propounded by the state to Dr. J. H. McGuffy, a state witness: “Q. What were the nature of the wounds inflicted by Olem Holmes on the body of Jeff Wright, if you know?”
 

 After the ruling, but before the witness answered the question, the district attorney changed it to read as follows: “Q. What was the nature of the wounds. Serious or not serious?”
 

 There was no objection to this question, and, as the objectionable question was not answered, it is apparent that this bill is without merit.
 

 Bill No. 5.
 

 This bill was reserved to the overruling of defendant’s objection to the following question propounded to Dr. McGuffy by the district attorney, viz.:
 

 “Q. What were the nature of the wounds you examined on Jeff Wright?”
 

 This question, although the verbiage is somewhat different, calls for the same answer as the question .which was answered without objection, and which we have quoted in our consideration of bill No. 4.
 

 Bills Nos. 6, 7, 8, 9, and 10.
 

 These bills are not stressed by counsel, but we have examined them and find no merit in them.
 

 For the reasons assigned, the verdict and sentence are affirmed.