44 So.2d 892

**STATE v. FUTCH.**

No. 39685.

Feb. 13, 1950.

Charles E. Barham, Ruston, Armand F. Rabun, James T. Spencer, Farmerville, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Ass't. Atty. Gen., Ragan D. Madden, District Atty., Ruston, for appellee.

HAMITER, Justice.

The defendant, P. T. Futch, was tried by a jury of five under an indictment charging that between April 5, 1944, and December 12, 1948, both dates inclusive, he " * * * did wilfully, feloniously and unlawfully commit a series of thefts of money aggregating the sum of Forty One Thousand, One Hundred Ninety & 70/100 ($41,190.70) Dollars, then belonging to and being the property of the Union Parish Police Jury and while he, the said P. T. Futch, was occupying the office of Secretary-Treasurer of the Union Parish Police Jury and while he, the said P. T. Futch, was entrusted by the Union Parish Police Jury with monies belonging to the said Union Parish Police Jury."

The jury returned a verdict of guilty as charged, but it recommended that mercy be

shown by the court. Thereafter defendant was sentenced to serve a period of seven years and six months at hard labor in the State Penitentiary.

On this appeal defense counsel presented for our consideration two bills of exceptions and also a motion that was filed here, the latter of which contains a prayer that a new trial be granted or that the case be remanded for the reception of evidence respecting the qualifications of one of the jurors.

When the district judge overruled defense counsel's challenge for cause of the prospective juror, A. R. Cook, it having been predicated on the contention that he had a fixed opinion relative to the guilt or innocence of the accused, the first bill of exceptions was reserved. Mr. Cook was then challenged peremptorily.

The ruling, in our opinion, was correct. The law on the subject is well stated in State v. Henry, 200 La. 875, 9 So. 2d 215, 219, as follows:

"It is specifically declared in the Code of Criminal Procedure that a partial juror may be challenged for cause 'but an opinion as to guilt or innocence of the accused, which is not fixed, or has not been deliberately formed, or that would yield to evidence, or that could be changed, does not disqualify the juror.' Article 351. It is only where a prospective juror's opinion as to the guilt or innocence of the accused

is so fixed that it would influence his verdict that he may be considered disqualified because of such opinion and challenged for cause. State v. Brette, 6 La.Ann. 652; State v. Carriere, 141 La. 136, 74 So. 792; State v. Scruggs, 165 La. 842, 116 So. 206; State v. Carter, 167 La. 1080, 120 So. 864; State v. Flores, 169 La. 22, 124 So. 132. Even though he has formed an opinion as to the guilt or innocence of the accused from discussions participated in or from reading about the same in the newspapers, the prospective juror is competent if, having no prejudice against the accused, he can lay aside that opinion. Particularly is this so where he states under oath that he is able to and will try the case only on the evidence adduced during the course thereof. State v. Roberson, 159 La. 562, 105 So. 621. Furthermore, a prospective juror's competence or incompetence cannot be limited to isolated answers given during the course of his examination. It must be judged from his entire examination. State v. Ford, 42 La.Ann. 255, 7 So. 696; State v. Rodriguez, 115 La. 1004, 40 So. 438; State v. Owen, 126 La. 646, 52 So. 860; State v. Briggs, 142 La. 785, 77 So. 599."

From our study of the entire transcription of Mr. Cook's examination we are satisfied that he was not prejudiced against the accused and that he entertained no deliberately formed or unyielding opinion on the question of guilt or innocence. Our appreciation of the examination accords with

the views announced by the district judge in his per curiam, it reciting in part as follows:

" * * * He had no bias or prejudice in the case and had had no dealings with the defendant. Like every one else most in the parish he had read in the newspapers about this matter and had heard it discussed generally and casually in his community and while he did answer defense counsel that he had an opinion and a fixed opinion, his answers as a whole show that he only had a casual opinion, if any at all, as to the guilt or innocence of the accused. He said he had only read about the matter in the newspapers and had heard it discussed but that no one had talked directly to him about it. Three or four times, including about twice in this transcript of the note of the testimony, the prospective juror repeatedly told the court that whatever he had thought about this case and whatever opinion he had and what he had read and heard he could and would completely lay aside and forget, and try the case solely and only from the evidence produced on the trial of the case and the law as given by the court, and that he would accept the law that every defendant is presumed innocent and would require the State to prove the defendant guilty beyond a reasonable doubt."

A portion of the examination of the prospective juror, to which reference is made in the last quoted sentence of the per curiam, reads:

"Q. And you will give the defendant the benefit of all reasonable doubt and will presume him to be innocent unless proven guilty beyond a reasonable doubt? A. That is right.

"The Court: Mr. Cook, the law, of course, presumes that every defendant is innocent until his guilt is established to the jury's satisfaction and beyond a reasonable doubt, and the court will so charge you. You will accept that charge and apply it in this case if you are accepted as a juror?

"Mr. Cook: That is right.

"The Court: Now, you stated a few minutes ago something about you having heard about this case. Can you, and will you, if you are accepted as a juror, completely forget and lay aside what you have heard and try this case solely and only from the evidence you hear from the witnesses and the law as charged you by the court?

"Mr. Cook: Yes, sir.

* * * * * *

"The Court: And will you entirely forget about your present opinion?

"Mr. Cook: Oh, sure; yes, sir.

"The Court: And you would do that?

"Mr. Cook: Yes, sir.

"The Court: And you would take the law as charged you by the court and the evidence from the witnesses and solely that could make up your verdict in this case?

"Mr. Cook: Yes, sir."

The case of State v. Breedlove, 199 La. 965, 7 So.2d 221, relied on by defense counsel, is distinguishable in that the prospective juror therein, unlike the one here, appeared to be prejudiced and also he held a deliberately formed opinion.

■ The other bill of exceptions is likewise without merit. When the State attempted to prove that the alleged offense occurred in Union Parish (in which the trial was taking place) defense counsel objected to the evidence for the reason that in the opening statement to the jury the State's attorney did not announce an expectation to make such proof. The objection was overruled and bill No. 2 reserved. Article 333 of the Code of Criminal Procedure requires an opening statement by the district attorney "explaining the nature of the charge and the evidence by which he expects to establish the same". In his opening statement to the jury in this case, a copy of which is in the record, the State's attorney outlined in detail the several transactions forming the basis of the charge; and he commented that the accused, as shown by the indictment, committed the offense "while acting in his official capacity as Secretary-Treasurer of your Parish Police Jury, and within the jurisdiction of this Parish during his term of office." This would seem to be a substantial compliance with the mentioned procedural requirement. But if insufficient, it is neither alleged nor shown that defendant was prejudiced thereby; in fact, in oral

argument here, his counsel conceded that he had sustained no injury.

Defense counsel, as before shown, have moved in writing in this court for a new trial or, in the alternative, for a remand of the case for the purpose of receiving evidence respecting the qualifications of one of the jurors who served at the trial. The motion, supported by affidavits, alleges that the juror, Bert Stansbury, cannot read or write, and that this fact was not known to defendant or his counsel until after sentence had been passed and orders of appeal granted.

■ No authority has been cited by defense counsel which either directs or permits our entertaining jurisdiction of such a motion, and we are aware of none. However, even had it been tendered in the district court before sentence the motion could not be granted. To challenge after verdict the qualifications of a juror it must appear that he was examined on his voir dire as to the asserted disqualification and that he answered falsely. Article 355 of Code of Criminal Procedure; State v. Foster, 150 La. 971, 91 So. 411; State v. Lewis, 161 La. 696, 109 So. 391. And defense counsel do not contend in their motion that they so examined the juror, Stansbury. They do show, it is true, that all of the jurors (after having been accepted by the State and defense) were tested by the Deputy Clerk of Court as to their qualifications when sworn; and that all answered that they were above the age of 21 years, domiciled in and resi-

dents of Union Parish, not under any indictment, or interdiction, and able to read and write the English language. However, such a test is not intended to, and it does not, relieve the attorney trying the case of his duty to ascertain by a voir dire examination the qualifications of those tendered for jury service. State v. Bryan, 175 La. 422, 143 So. 362; State v. Peyton, 194 La. 681, 194 So. 715.

For the reasons assigned the conviction and sentence are affirmed.