301 So.2d 582 (1974)
STATE of Louisiana
v.
Clarence McGUFFEY.
No. 54725.
Supreme Court of Louisiana.
October 11, 1974.
*583 Murphy W. Bell, Director, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant Clarence McGuffey was charged by bill of information with possession of heroin with intent to distribute in violation of La.R.S. 40:966(A). He was convicted by a jury verdict of possession of heroin, and sentenced to seven years' imprisonment at hard labor plus a $1,500 fine. Upon this appeal defendant relies on four perfected bills of exceptions.
BILL OF EXCEPTIONS NO. 1
This bill was reserved when the trial judge admitted into evidence, over defense counsel's objection, a statement which defendant alleges is inculpatory and of which no prior notice had been given as is required under C.Cr.P. Art. 768 if in fact a statement is inculpatory.
The circumstances surrounding the statement in question are these. The first witness called by the State was Officer Ash. The State's attorney questioned him about whether or not the accused had made any statements while being fingerprinted and booked. In response to the question, "Did he say anything to you at all?", Officer Ash replied:
"The only thing he told me after I got through fingerprinting him, he told me, he said, `I started to shoot you.' He said, `I wished I would have now. I wouldn't be in this jam.'"
Defense counsel raised no objections whatsoever to this statement. Somewhat later, *584 a similar question was asked of the second State's witness, Officer Crittendon, who replied:
"The defendant stated that, he said, `I started to kill you, to shoot you.' That was his statement, `I started to shoot you', and there was something about two men, if there weren't two men standing over there or something, he started to shoot and run * * *."
"* * *
"He said, `I started, if I'd of known this was going to happen I would have shot you and run. I would have killed you and ran.'"
Before this second witness responded to the questioning, defense counsel objected on the grounds that the statement elicited would be inculpatory and that he had received no prior notice of intent to use it. The objection was overruled because no objection had been made to the introduction of this statement through the testimony of Officer Ash, and therefore the objection was not timely, nor was the defendant surprised by the second introduction. Further, the judge felt that the statement was not incriminating because it had no relation to the crime charged.
We hold that this bill of exceptions does not present any grounds for reversal. Article 921 of the Code of Criminal Procedure provides that a judgment or ruling shall not be reversed unless, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarrage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right. See also Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). In State v. Holmes, 182 La. 142, 161 So. 182 (1935) this Court held that overruling a defendant's objection to testimony substantially similar to testimony previously introduced without objection was not error. We reaffirm the holding in State v. Holmes. Even if the trial judge had sustained defendant's objection and prevented the testimony from reaching the jury, they had already heard virtually identical evidence from Officer Ash. Therefore the error complained of could not have resulted in a miscarriage of justice, nor could it have prejudiced rights of the accused since he had already permitted the testimony to be introduced without any objections.
This bill is without merit.
BILL OF EXCEPTIONS NO. 2
Defendant objects to the court permitting the prosecutor to ask him where he obtained the money to buy his heroin. During the cross-examination of the defendant a series of questions were propounded to him pertaining to the defendant's addiction to heroin at the time of his arrest, the quantity of heroin used per day, the daily cost of his addiction, and the method used to consume the drug. It was also established through cross-examination that at the time of his arrest and for at least a month prior thereto, defendant had been unemployed with the exception of an occasional odd job. The State was attempting to prove that since the defendant could not support an eighty-five dollar per day drug habit with his earnings from these occasional small jobs, his source of funds might be the selling or distribution of heroin.
Defense counsel bases his objections largely on La.R.S. 15:481, under which the State is permitted to introduce testimony of the accused's bad character only in rebuttal of evidence introduced by the accused to show good character. In La.R.S. 15:479 it is stated that character depends on the general reputation a man has among his neighbors, not upon the opinions of any particular persons. See also State v. Harris, 258 La. 720, 247 So.2d 847 (1971). The issue was whether or not defendant had distributed heroin in the past, not whether or not he was of good moral character. Neither is La.R.S. 15:495 applicable as asserted by defense counsel, because *585 it pertains only to evidence of arrests, indictments, or prosecutions as not being permissible impeachment evidence.
La.R.S. 15:462 provides that when an accused person becomes a witness, he shall be subject to all the rules that apply to other witnesses and may be cross-examined upon the entire case. Probing by the State into the defendant's source of revenue for his heroin and into the issue of whether he had ever sold heroin in the past was a part of the "entire case" because of its relevance to the charge of intent to distribute heroin on which the defendant was being tried. The record shows that although the defendant pleaded his Fifth Amendment right to avoid answering the question about the source of his revenue, he later answered in the negative unobjected-to questions about whether he had ever sold heroin. In State v. Moore, 278 So.2d 781, 787-788 (La.1972), this Court held that matters which are logically relevant to issues before the jury, such as is the case here, should not be excluded merely because they show the accused may have committed other offenses. Accord: State v. Kinchen, 290 So.2d 860, 864 (La.1974). The Court went on in Moore to state that because this type of evidence is so prejudicial, however, it should be rejected unless it is necessary to prove something which is really in issue. This involves a balancing of any prejudicial effects against the possible probative value. The direct value of the evidence sought was that it could supply an inference that defendant sold narcoticsa highly relevant factor in the crime charged. That probative value overrides the possible prejudice which might arise if the jury inferred from the evidence that defendant had committed some other crime to support his habit.
We therefore hold that the probative value of this evidence would have outweighed any prejudicial effects, and the trial judge committed no error in overruling defense counsel's objection. We further hold that the evidence was not character evidence. This bill is without merit.
BILLS OF EXCEPTIONS NOS. 3 AND 4
These bills were reserved to the court's denial of a motion for a mistrial on the grounds that the trial judge commented on the evidence and failed to give the jury sufficient instructions concerning the comment. The language which defense counsel objected to was:
"Q: The question now is where did you shoot the heroin when you were addicted?
"A: That, that was the same question you just asked me, right?
"Q: Yes.
"A: And also I asked the Judge I'd like to take the Fifth on that.
"Q: All right, let me
"THE COURT: Well, I don't think that you're entitled to take the Fifth on that because you've already testified in regard to that, so therefor, I thing that."
At that point defense counsel requested that the jury be retired and and then moved for a mistrial on the grounds that the court had commented on the evidence in telling the jury that the defendant had already testified concerning the use of heroin. In fact, the defendant had testified at some length about his previous addiction to heroin, that he is no longer addicted, the amount and cost of heroin he had used per day while he was addicted, and that he had never sold or distributed any heroin.
Code of Criminal Procedure Article 772 provides:
"The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."
The court denied defendant's attempt to invoke the Fifth Amendment right against self-incrimination in this particular *586 instance because the defendant already had given some testimony relating to the subject matter of the question posed. The judge did not state what testimony had been given; he did not repeat or recapitulate any testimony; he did not give an opinion as to whether certain facts had been proved, not proved, or refuted. The judge's statement is not the kind of remark which is prohibited by C.Cr.P. Arts. 772 and 806. It is not a comment upon the facts of the case. The judge's remark was not one that could influence a jury in rendering a verdict in this case. The motion for mistrial was properly overruled.
The fourth bill of exceptions also refers to an alleged comment by the trial judge on the evidence; however, it was made out of the presence of the jury. It is permissible to make those comments prohibited by C.Cr.P. Art. 772 in a jury trial out of the presence of the jury. See Official Revision Comment (c) to Article 772.
The conviction and sentence are affirmed.